Case 5:22-cv-00048 Document 6 Filed on 11/15/22 in TXSD Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
November 15, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| SOLEDAD BARRAGAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:22-CV-48 |
| | § | |
| STATE FARM LLOYDS AND | § | |
| CELINA FLORES, | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATIONS OF
## THE UNITED STATES MAGISTRATE JUDGE

Defendant State Farm Lloyds ("State Farm") removed this case—an insurance dispute regarding storm damage sustained by Plaintiff Soledad Barragan's property from state court on the basis of diversity jurisdiction. (Dkt. No. 1). In their Notice of Removal, State Farm recognized that the parties are not completely diverse: Plaintiff Soledad Barragan ("Plaintiff") and Defendant Celina Flores ("Flores") are both Texas citizens. (*Id.* at 2–3). Although that would normally defeat diversity jurisdiction, State Farm asks the Court to ignore Flores' citizenship and dismiss her under the improper-joinder doctrine, arguing that Plaintiff is unable to establish a cause of action against Flores. (*Id.* at 2–5).

Now before the Court is Plaintiff's Motion to Remand. (Dkt. No. 3). Plaintiff argues that State Farm did not timely remove this matter. (*Id.* at 1–2). In the alternative, Plaintiff argues that State Farm failed to show that federal diversity jurisdiction exists because State Farm does not show that the amount of controversy

exceeds $75,000, and State Farm does not adequately show that Flores, a Texas resident, was improperly joined to destroy complete diversity. (*Id.* at 4–10).

## I. BACKGROUND

In May 2020, a hailstorm damaged Plaintiff's residential property located at 406 Lincoln Street Laredo, Texas 78040 (the "Property"), which was insured by State Farm. (Dkt. No. 1-2, Ex. 1-B at 3). Plaintiff filed an insurance claim, and State Farm designated her claim a number, 53-G506-3S5 (the "Claim"). (*Id.*). State Farm then assigned Flores, an insurance adjuster, to inspect the Property on June 9, 2020. (*Id.*). The inspection was rescheduled twice before taking place on April 21, 2021. (*Id.* at 3–4). Plaintiff claims that Flores conducted a substandard inspection of the Property, which led to State Farm's refusal to pay the full damages owed under Plaintiff's insurance policy. (*Id.* at 4).

Plaintiff originally filed suit against then-Defendant State Farm Lloyds Insurance Company and Flores in state court in Webb County, Texas, and served then-Defendant State Farm Lloyds Insurance Company on April 11, 2022. (Dkt. No. 1-2, Ex. 1-G). On April 27, 2022, Plaintiff filed her First Amended Petition in state court. (*Id.*). Therein, Plaintiff removed then-Defendant State Farm Lloyds Insurance Company and instead named State Farm. (Dkt. No. 1-2, Ex. 1-B).

Plaintiff brings claims against both State Farm and Flores for violations of Texas Insurance Code, Chapter 541, relating to unfair settlement practices. (*Id.* at 8–10). Plaintiff brings claims against State Farm only for breach of contract, violations of Chapters 541 and 542 of the Texas Insurance Code, violations of the Texas

Deceptive Trade Practices Act, fraud, and breach of the common law duty of good faith and fair dealing. (*Id.* at 10).

On May 12, 2022, State Farm filed an answer to Plaintiff's First Amended Petition. (Dkt. No. 1-2, Ex. 1-G). On May 25, 2022, State Farm filed its First Amended Answer in state court. (*Id.*). On May 26, 2022, State Farm removed the case to this Court. (Dkt. No. 1).

## II. LEGAL STANDARD

### A. Removal Jurisdiction

Under 28 U.S.C. § 1441, an action filed in state court may be removed in federal court when (1) the federal court has subject matter jurisdiction, and (2) the removal procedure is properly followed. However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The removing party bears the burden of establishing that federal jurisdiction exists over the controversy. *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998). That burden requires all disputed factual issues and any uncertainties under controlling state law to be resolved in favor of remand. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2011) (citing 28 U.S.C. § 1441(a)). Federal courts have original jurisdiction in cases that are between "citizens of different States" where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1).

Section 1332 "requires 'complete diversity' of citizenship." *Stiftung v. Plains*

*Mktg., L.P.*, 603 F.3d 295, 297 (5th Cir. 2010) (quoting *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992)). That is, federal courts "cannot exercise diversity jurisdiction if one of the plaintiffs shares the same citizenship as any one of the defendants." *Id.*

### B. Improper Joinder

The improper joinder doctrine provides a narrow exception to the rule that parties must be completely diverse for federal courts to exercise subject matter jurisdiction under 28 U.S.C. § 1332. *McDonal v. Abbot Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). Under this doctrine, the Court may disregard the citizenship of an improperly joined, non-diverse defendant, dismiss that defendant from the case, and exercise subject-matter jurisdiction over the remaining defendant. *Flagg v. Stryker Corp. Co.*, No. 14-31169, 2016 WL 1169067, at *2 (5th Cir. 24, 2016) (en banc).

The removing party has the heavy burden of proving improper joinder, *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011), and can establish it in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). To show that the plaintiff is unable to establish a cause of action against the non-diverse party, the defendant must demonstrate that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the in-state defendant. *Id.*

There are two methods of determining whether the plaintiff could possibly recover against the non-diverse defendant: (1) conduct a Rule 12(b)(6)-type analysis, looking to the face of the complaint to assess whether it states a claim against the non-diverse defendant; or (2) pierce the pleadings and conduct a summary inquiry to identify discrete facts that would preclude discovery against the non-diverse defendant. *Id.* at 573–74. The latter method is applicable only when the plaintiff has stated a claim against the non-diverse defendant, but summary-judgment evidence reveals misstated or omitted facts relevant to the propriety of joinder. *Id.*

### C. Pleading Standard

The federal pleading standard is applied during an improper-joinder analysis. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016). Under the federal standard, the pleadings must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Labels and conclusions, formulaic recitations of the elements of a cause of action or naked assertions devoid of further factual enhancement will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And for fraud claims, a heightened pleading standard requires parties to "state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b).

### III. ANALYSIS

### A. A summary inquiry is appropriate to resolve Plaintiff's motion.

State Farm has attached exhibits to their response to Plaintiff's Motion to Remand in support of their argument that Flores is improperly joined in this action.

The Court has discretion to consider State Farm's evidence and engage in a summary inquiry to resolve the question of remand. *See Smallwood*, 383 F.3d at 573–74. However, a "summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude the plaintiff's recovery against the in-state defendant." *Id.* In contrast, a summary inquiry is never appropriate where the evidence presented merely demonstrates a "lack of substantive evidence" as to a nondiverse defendant. *Travis*, 326 F.3d at 650 & n.3. A summary inquiry is proper when the defendant puts forth evidence that negates the possibility of liability on the part of the nondiverse party. *Id.*

The evidence State Farm attached in their response contains discrete facts that were misstated and omitted by Plaintiff in her pleadings and that affirmatively negate the possibility of liability of Flores, to include Josie Diaz's role as the Property inspector. *See Smallwood*, 383 F.3d at 573–74 & n.12 (explaining that a summary inquiry is appropriate when evidence reveals, "[f]or example, the in-state defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved if not true."). Therefore, the Court will consider State Farm's exhibits in evaluating Plaintiff's Motion to Remand.

**B. Plaintiff has no reasonable basis of recovery against Flores.**

The Parties do not dispute whether there is actual fraud in the jurisdictional pleadings. Rather, the Parties dispute whether Plaintiff has any reasonable basis of recovery against Flores. Plaintiff argues that she has stated a plausible claim against

Flores under Chapter 541 of the Texas Insurance Code. (Dkt. No. 3 at 12). State Farm argues that Plaintiff cannot establish a claim against Flores because Flores had minimal to no involvement in the evaluation of Plaintiff's claim. (Dkt. No. 4 at 9).

The Fifth Circuit and the Texas Supreme Court have affirmed that adjusters engaged in the business of insurance may be held individually liable for violating Chapter 541. *See Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007) ("Texas law clearly authorizes [Chapter 541] actions against insurance adjusters in their individual capacities."); *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 487 (Tex. 1998) (holding that Chapter 541 "provides a cause of action against insurance company employees whose job duties call for them to engage in the business of insurance"). However, the Fifth Circuit has explained, "there is no reasonable possibility that Texas would allow recovery under [Chapter 541] (or the Texas Deceptive Trade Practices Act (DPTA)) against an insurance company employee, who in the course of [her] employment engages in the business of insurance, in the absence of evidence sufficient to sustain a finding that the employee [herself] committed a violation." *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 545 (5th Cir. 2004).[1]

In her motion to remand, Plaintiff cites *Seabrook Marina, Inc. v. Scottsdale Ins. Co.*, 717 F. Supp. 2d 691 (S.D. Tex. 2010) in support of her argument. In *Seabrook*,

---

[1] *Garrison, Gasch, and Hornbuckle* deal with Article 21.21, Chapter 541's predecessor. Chapter 541 was a non-substantive recodification of Article 21.21. Therefore, their broader holdings still stand. *See Certain Underwriters at Lloyd's, London, & Other Insurers Subscribing to Reinsurance Agreements F96/2922/00 & No. F97/2992/00 v. Warrantech Corp.*, 461 F.3d 568, 570 n.5 (5th Cir. 2006); *Doss v. Warranty Underwriters Ins. Co.*, No.04-11-00776-CV, 2012 WL 5874316, at *2 n.1 (Tex. App.—San Antonio Nov. 21, 2012).

the plaintiff claimed that its restaurant was devastated by Hurricane Ike, and that the insurance adjuster who inspected the property issued damage estimates that essentially denied coverage. *Id.* at 692–93. The defendant insurance company removed the case on the basis of diversity. *Id.* at 693. The defendant argued that the insurance adjuster's citizenship should be ignored because the plaintiff did not plead specific conduct by the insurance adjuster that violated the state law. *Id.* at 694–95. The district court disagreed with the defendant insurance company and found that the plaintiff did plead sufficient facts to show that the insurance adjuster could be potentially liable. *Id.* at 695–96.

While Plaintiff similarly directs several allegations against Flores which focus on Flores' inadequate and substandard investigation, (Dkt. No. 1-2, Ex. 1-B at 3–10), the district court in *Seabrook* was not presented with evidence to pierce the pleadings and conduct a summary inquiry. Even assuming that Plaintiff's allegations sufficiently state a claim against Flores, the undisputed fact that Flores was never personally involved in the evaluation of Plaintiff's claim shows there is no reasonable possibility of recovery against Flores. Here, the exhibits attached to State Farm's response to Plaintiff's Motion to Remand establish that Flores' only involvement was limited to communicating with Plaintiff's counsel of record about scheduling an inspection of the Property. (*See* Dkt. No. 4-1, Ex. A, A-1, A-2, A-3, A-4, A-5). In the unsworn declaration of Jason Evers, State Farm's Claim Specialist, Mr. Evers explains that Plaintiff made the Claim on or about January 7, 2021. (*Id.*). On February 1, 2021, State Farm received an estimate from LH Estimators. (*Id.*). On

April 21, 2021, Josie Diaz, an agent of State Farm, inspected the Property. (*Id.*). Following the inspection, Adrian Cooksey sent Plaintiff a letter and estimate of the damages, explaining that the covered damages to the Property fell below Plaintiff's policy deductible. (*Id.*). On May 12, 2021, Plaintiff sent State Farm a letter through her counsel of record, demanding damages due to Josie Diaz and State Farm's substandard and incomplete investigation of Plaintiff's claim. (*Id.*)

Additionally, State Farm attached portions of State Farm's activity file notes regarding the Claim. (Dkt. No. 4-1, Ex. A-1). The file notes indicate that Josie Diaz conducted the inspection of the Property, and that Adrian Cooksey drafted the letter denying coverage. (*Id.* at 17–19). Plaintiff has not submitted any argument or evidence to dispute these facts.

Because Flores was only involved in the scheduling of the inspection of Plaintiff's claim and not personally involved in the evaluation itself, the Undersigned finds that there is no reasonable basis for recovery against Flores. Accordingly, the Undersigned finds that the joinder of Flores is improper.

## C. The amount of controversy in this case exceeds $75,000.

The Parties dispute whether the amount of controversy in this case exceeds the required $75,000 threshold.

Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." Id. § 1446(c)(2). However, when state practice does not permit a demand for a specific sum, removal is proper if the removing party proves by a preponderance of the evidence that the amount in

controversy exceeds $75,000. *Id.*; *see also De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). Defendants can satisfy this burden by (1) showing it is "apparent from the claims of the petition that the claims are likely to exceed $75,000" or (2) setting forth "summary judgment-type evidence of facts in controversy that support a finding of the requisite amount." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (internal quotation marks and citations omitted).

In Texas, Rule 47 of the Texas Rules of Civil Procedure does not permit a demand for a specific sum. Instead, the Rule requires a pleading to contain a statement that damages sought are within the jurisdictional limits of the court and a statement that the party seeks a predefined range of damages. TEX. R. CIV. P. 47. In accordance with that rule, Plaintiffs' pleading alleges only a range of damages, "relief of less than $250,000.00, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs" (Dkt. No. 1-2, Ex. 1-B at 1). As such, there is no specific sum to control the Court's analysis.

Here, a preponderance of the evidence demonstrates that the amount in controversy in this case exceeds $75,000. In her amended state court petition, Plaintiff seeks, among other things, three times her actual damages, "which include the loss of the benefits that should have been paid pursuant to the [insurance] policy, mental anguish, court costs, and attorney's fees" (*Id.* at 16). Plaintiff's pre-suit demand letter alleges that Defendants owe $37,875.96 under the insurance policy for storm-related building damage (Dkt. No. 4-1, Ex. A-4 at 4). Thus, Plaintiffs' allegations, if proven true, entitle Plaintiff to an award of at least $113,627.88 in

trebled actual damages. This sum alone meets the amount in controversy requirement.

### D. State Farm timely filed their Notice of Removal.

Plaintiff argues that this action must be remanded because State Farm filed their Notice of Removal more than 30 days after State Farm was served with Plaintiff's Original Petition. (Dkt. No. 3 at 1–2). State Farm responds that the 30-day removal clock did not begin to run when Plaintiff served then-Defendant State Farm Lloyds Insurance Company with Plaintiff's Original Petition; rather, it began to run when Plaintiff served State Farm with Plaintiff's First Amended Petition, on May 2, 2022. (Dkt. No. 4 at 5). Additionally, State Farm argues that it lacked authority to remove the case based on the service to State Farm Lloyds Insurance Company. (*Id.*).

The period in which a defendant must remove the case to federal court is governed by 28 U.S.C. § 1446(b). Section 1446(b) provides, in pertinent part, that the removal notice "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the [complaint]." That is, State Farm's 30-day removal period did not begin to run until State Farm was formally served. *Murphy Bros., Inc.*, 526 U.S. 344, 348 (1999) ("[A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint 'through service or otherwise,' after and apart from service of the summons, but not by the mere receipt of the complaint unattended by any formal service."); *see also Badon v. R J R Nabisco Inc.*, 224 F.3d 382, 390 n.12 (5th Cir. 2000) ("The 30[-]day period in no event begins to run prior to service of process on the

11 / 13

defendant.").

Here, State Farm represents to this Court that Plaintiff served the incorrect insurer, State Farm Lloyds Insurance Company, with her original petition on April 11, 2022. (Dkt. No. 1, Ex. 1-C). On April 27, 2022, Plaintiff amended her petition to name the correct insurer, State Farm, at which point State Farm agreed to accept service on May 2, 2022. (Dkt. Nos. 1 at 1 and 1-2 at 1). State Farm then filed their Notice of Removal on May 26, 2022. (Dkt. No. 1). Although State Farm cites *De Jongh* to argue that it lacked the authority to remove the case based on the service to State Farm Lloyds Insurance Company, some district courts within the Fifth Circuit have interpreted *De Jongh* to mean that entities not named as parties at the time of removal but whom the plaintiffs intended to name, and would have but for the plaintiffs' mistake, do have the authority to remove the case to federal court. *See, e.g., Dalton v. State Farm Lloyds, Inc.*, 4 F. Supp. 3d 859 (S.D. Tex. 2014). It is not necessary for the Court to determine whether State Farm had authority to remove the case before it was properly named a defendant, because State Farm was served on May 2, 2022, and not on April 11, 2022. Therefore, State Farm timely filed their Notice of Removal on May 26, 2022, within the 30-day removal period.

## IV. CONCLUSION

For the foregoing reasons, the Undersigned **RECOMMENDS** that Plaintiff's claims against Defendant Celina Flores be **DISMISSED.**

The Undersigned further **RECOMMENDS** that Plaintiff's Opposed Motion to Remand be **DENIED.**

**SIGNED** on November 15, 2022.

Christopher dos Santos
United States Magistrate Judge

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C) (2006); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Lisson v. O'Hare*, 326 F. App'x 259, 260 (5th Cir. 2009).